HERTZ (UNITED STATES v.). See Case No. 15,357.

---

## Case No. 6,433.

### In re HERTZOG.

[18 N. B. R. 526.][1]

District Court, S. D. New York. Dec. 7, 1878.

BANKRUPTCY—PROOF OF DEBT—STATUTE OF LIMITATIONS.

A debt against which the statute of limitations has run, but which is included in the debtor's schedules, is provable in bankruptcy.

[In bankruptcy. In the matter of Solomon Hertzog.]

J. H. Goodman, for opposing creditors.

G. Patzel, contra.

CHOATE, District Judge. This is a motion to expunge the proof of a debt against which the statute of limitations has run, but which was included in the debtor's schedules. The question whether such a debt is provable or not was determined in the affirmative by Judge Blatchford upon very careful consideration in the case of In re Ray [Case No. 11,589]. It is insisted by the learned coun-

---

1 [Reprinted by permission.]

sel for opposing creditors that this case has been overruled by the case of In re Cornwall [Id. 3,250]. While the latter decision of the circuit court expresses opinions on some points differing from those expressed by Judge Blatchford in the former case, touching some of the grounds or reasons given for his decision, yet it does not in terms overrule In re Ray [supra], nor was the case one involving the principal point on which the decision of Judge Blatchford rests, which was that by the statute of limitations of New York the remedy merely is affected, while the debt is not extinguished or absolutely barred. The case of In re Cornwall [supra] arose under the statute of limitations of Connecticut, by which, as interpreted by the highest court of that state, a debt is absolutely barred. Decisions in other districts, mostly under statutes held to be of the same effect as that of Connecticut, are also referred to. But for the same reason, even if it was proper for this court to follow them upon a doubtful question already litigated and determined in this court, they are not necessarily in conflict with In re Ray.

In the Northern district of New York Judge Hall came to the same conclusion with Judge Blatchford. In re Perry [Case No. 10,998]. For these reasons, I decline to re-examine the question. It is undoubtedly an important one, but seems not to be an open question in this court.