Case sent back in order to have proper findings prepared.

---

WILLIAM W. GILBERT, APPELLANT, *v.* RICHARD J. MORRISON, PUBLIC ADMINISTRATOR, ETC., AS ADMINISTRATOR, WITH THE WILL ANNEXED, OF ELIZABETH GILBERT, DECEASED, APPELLANT.

*Right to a jury trial in an equity action — direction in a will to pay a specified debt — the statute of limitations does not affect it — computation of interest on such a debt.*

Elizabeth Gilbert died in New York city July 6, 1883, leaving a will, executed in London February 20, 1868, which was duly admitted to probate by the surrogate of New York on October 22, 1885; letters of administration, with the will annexed, being issued to one Morrison, the public administrator, on December 11, 1885.

By the will the testatrix gave, devised and bequeathed all her real and personal estate to George Howard Lewis upon trust to get in, collect and take possession of the same, and to sell and convert into money, and receive and take the moneys thereby produced and "thereby or thereout pay my funeral and testamentary expenses, and the sum of £2,000, which I owe to William Walker Gilbert of Avenue Hotel, New York, for moneys he has advanced to me (with

such interest at the rate of five pounds per cent per annum as shall be then due thereon), and all other of my just debts."

In an action brought by William Walker Gilbert against Morrison, as public administrator, to recover the said sum of money, with interest thereon, he alleged that the defendant's testatrix left personal property insufficient to pay the legacies given by the will, and the debts, funeral and testamentary charges and expenses of the decedent, and that at the time of her death she was possessed of about twenty-one acres of land in the city of New York; that the will was executed without the State of New York, and the surrogate had no power or right to determine the validity, construction or effect of any disposition of personal property contained in the will; that the directions for a sale of the real estate operated as a conversion of real estate into personal estate, and prayed that the real estate be sold.

Upon an appeal from a judgment entered in favor of the plaintiff:

*Held,* that the defendant was not entitled, as a matter of right, to a jury trial, as the plaintiff had demanded other relief than a judgment for a sum of money, and had filed his bill to compel the defendant to exercise powers which had been conferred by the will in question, the exercise of which were necessary to the realization of the legacy which had been bequeathed to the plaintiff by the testatrix; that the plaintiff was entitled to be paid his legacy, and as such legacy could not be obtained except upon a sale of the real estate, that he had a right to come into court and ask its assistance to compel the defendant to perform his duties.

It was claimed by the defendant that the will, which was the only evidence of an indebtedness, showed that such indebtedness existed as early as February, 1868, and that it, therefore, had become barred by the statute of limitations, and in support of this proposition referred to authorities showing that a direction in a will "to pay all just debts" did not revive a debt to which the statute had attached, or prevent the statute from running after the death of the testator.

*Held,* that these cases proceeded upon the theory that it was plain that the testator, in such cases, only intended to provide for the payment of such debts as, according to law and equity, were just debts and should be paid; but that in a case in which the testator directed the payment of a specified debt, it was clearly a recognition of the debt and the expression of an intention that it should be paid, irrespective of any defense existing under the statute of limitations.

The judgment allowed interest on $21,857.06, being the sum of £2,000, with interest at five per cent from the date of the will, February 20, 1868, to July 6, 1884, one year after the death of the testator, and with interest on this amount from July 6, 1884; to June 21, 1888, the date of the decision, at six per cent.

*Held,* that an objection taken, by the defendant, to allowing interest upon the claim to run from any time prior to the death of the testatrix was untenable, as it was the clearly expressed intention of the testatrix that interest upon the debt should be paid and that it was properly allowed from the date of the will.

APPEAL by the plaintiff and defendant from a judgment entered upon a trial at a Special Term held in the county of New York,

which judgment was entered in the office of the clerk of the county of New York on June 28, 1888.

*L. B. Brownell*, for the plaintiff, appellant.

*Frank W. Arnold* and *Charles Stewart Davison*, for the defendant, appellant.

VAN BRUNT, P. J. :

Elizabeth Gilbert (otherwise Elizabeth Buck), the testatrix, died in New York city July 6, 1883. She left a will executed in London, England, February 20, 1868. The will was admitted to probate by the surrogate of New York October 22, 1885, and letters of administration, with the will annexed, were issued to defendant as public administrator on December 11, 1885.

By her will the testatrix gave, devised and bequeathed all her real and personal estate to George Henry Lewis " upon trust to get in, collect and take possession of the same, real and personal estate, and to sell and convert into money all such portions thereof as may be salable or convertible, and receive and take the moneys thereby produced, and thereby or thereout pay my funeral and testamentary expenses, and the sum of £2,000, which I owe to William Walker Gilbert, of Avenue Hotel, New York, for moneys he has advanced to me (with such interest after the rate of five pounds per cent per annum as shall be then due thereon), and all other my just debts," and thereafter upon trust.

The complaint alleges that the decedent, at the time of the making of the will, owed to the plaintiff the sum of £2,000 for moneys and property which he had advanced to her, and that the decedent provided for the payment of the same, with interest thereon, by the direction in said will contained to pay the same to the plaintiff out of the proceeds of the sale of her real and personal estate, and that under and by virtue of the said direction the defendant was bound to pay the plaintiff £2,000, or its equivalent in United States currency, to wit, $9,710, and interest at the rate of seven per cent from the date of the will to January 1, 1880, and thereafter at six per cent until one year after the death of the decedent, and thereafter at the rate of six per cent upon the total sum ; that the plaintiff had demanded the payment of the same ; that the defendant's accounts had been judicially settled by decree of the Surrogate's Court before

the commencement of the action; that the defendant left personal property insufficient to pay the legacies given by the will, and the debts, funeral and testamentary charges and expenses of the decedent.

That at the time of her death she was possessed of twenty-one acres of land in the city of New York (describing it), and that the will was executed without the State of New York, and the surrogate had no power or right to determine the validity, construction or effect of any disposition of personal property contained in the will, and that the directions for sale of the real estate contained in the will operated as a conversion of her real estate into personal estate for the purposes of said will. Plaintiff prayed judgment that under the terms of the will the real estate be sold under the direction of the court and converted into money by the defendant or by a referee, and that out of the proceeds of said sale and the personal property of the decedent, after paying the costs, that the sum of $9,710, with interest thereon as directed in said will, be paid to the plaintiff.

The answer admits the death, the probate of the will, the issuing of letters to the defendant and the copy of the will. The answer denied that the decedent owed the plaintiff £2,000 or that the defendant was bound to pay or the plaintiff entitled to recover the sum of £2,000; admitted the demand of payment, the judicial settlement of his accounts by the surrogate, that the personal property amounted to $11,000 or $12,000; but denied that the same was insufficient to pay the legacies given by the will and the debts, funeral and testamentary charges of the decedent; admitted the decedent's ownership of the real estate and admitted that the will was executed out of the State of New York and in the city of London; admitted that the directions for the sale of the real estate operated as a conversion of her said real estate into personal estate for the purposes of the will. The defendant also pleaded separately the statute of limitation of six, ten and twenty years. Upon the issues thus made coming on for trial at the Special Term, before the production of any evidence, the defendant moved to dismiss the complaint upon the following grounds, viz.: That the complaint did not state facts sufficient to constitute a cause of action; that no facts were alleged showing the necessity for the intervention of a court of equity; and that the complaint showed that the plaintiff

had a complete remedy at law, if any. This motion was denied and thereupon the defendant moved that the court compel the plaintiff to elect which remedy he desired to enforce, the legal or the equitable one, upon the denial of which the defendant demanded a jury trial. This motion was also denied and the trial proceeded before the court without a jury.

The plaintiff having proved various computations of interest rested, and the defendant offering no evidence, the cause was submitted to the court for its decision. The court subsequently, upon the admissions contained in the pleadings, gave judgment for the plaintiff that he was entitled to be paid by the defendant the sum of $21,857.06, being the sum of £2,000, with interest at five per cent from the date of the will, February 20, 1868, to July 6, 1884, one year after the death of the testator, and with interest on this amount from July 6, 1884, to June 21, 1888, the date of the decision, at six per cent; that the devise contained in the will operated as an equitable conversion of the real property into personalty immediately upon the death of the testatrix; that the power to take possession of the decedent's estate and convert the same into money became vested in and should be exercised by the defendant. From this judgment both parties have appealed.

That the defendant was not entitled, as matter of right, to a jury trial seems to be clear. The plaintiff demanded other relief than a judgment for a sum of money. He had filed his bill to compel the defendant to exercise powers which had been conferred by the will in question, the exercise of which were necessary to the realization of the legacy which had been bequeathed to him by the testatrix. Letters of administration, with the will annexed, had been issued to the defendant on December 11, 1885, and up to the time of the commencement of this action no steps, as far as this case shows, had been taken by the defendant to carry out the trusts contained in the will.

The plaintiff was entitled to be paid his legacy, such payment could not be obtained except upon a sale of this real estate, and he had a right to come into court to compel the defendant to perform his duties. Besides, this question, as to a jury trial, seems to be utterly trivial as there is not the slightest pretense that there could be produced in this case any conflicting evidence upon which a jury

could be called upon to pass; and why the court should have been troubled with this question passes comprehension.

The plaintiff in this case is a specific legatee under the will. It may be that the fact that the testatrix owed the plaintiff this money was the inducing cause to the insertion of this legacy in the will, but the fact remains that the testatrix has directed the payment of this sum. The fact is also apparent that it was the testatrix's intention that at her death, out of the estate she might leave, that this sum, with interest, should be paid to the plaintiff.

It is claimed by the defendant that the will, which is the only evidence of indebtedness, shows that such indebtedness existed as early as February 20, 1868, and that it, therefore, had become subject to the statute of limitations, which was a bar to its recovery. In support of this proposition we are cited to numerous authorities showing that a direction in a will to pay all just debts does not revive a debt to which the statute has attached, or prevent the statute from running after the death of the testator. These cases proceed upon the theory that it is plain that the testator in such case only intended to provide for such debts as, according to law and equity, were just debts and should be paid. Another reason might be added, and that is that such a direction contained in a will is nothing more than a recognition of what the law requires, and should be treated as such. But in a case in which the testator directs the payment of a specific debt it is clearly the recognition of the debt and the expression of a will that it shall be paid, statute or no statute. As well might a trustee or agent of a living principal refuse to obey the directions of such principal to pay a debt named out of moneys of the principal, which the agent or trustee had in his hands, because the indebtedness was barred by the statute of limitations.

It is also urged that the court erred in allowing interest upon the claim to run from any time prior to the death of the testatrix. This objection is clearly untenable. It is the clearly expressed intention of the testatrix that interest upon the debt should be paid. She says that the sum shall be paid with such interest as shall be then due thereon. To what time does she then refer? Clearly to the time when by law the legacy should be paid, viz., one year after the death of the testatrix. Upon the legacy no interest could begin to run until

then, consequently such interest could not have been referred to by the testatrix. The only interest which could have then become due would necessarily be that accruing upon the debt, and such interest did not begin to run at the death of the testatrix, but from the creation of the debt, unless such creation was accompanied by some stipulation as to time of payment.

Any other construction would make this clause wholly meaningless. It could refer to nothing whatever but interest accruing upon the debt, and not upon the legacy. We find, from the acknowledgment of the testatrix, that the debt was in existence February 20, 1868, the date of the will, how much before we do not know, and, therefore, when the court allowed interest from the date of the will until the time when the legacy became payable, it was only carrying out the expressed will and wishes of the testatrix.

Neither could the court have allowed a greater sum by way of interest. The plaintiff claims under the will, and claiming under the will he must take what the will gives him, and he can get nothing more.

We think that the judgment appealed from should be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.