### In re JOHN J. LAFFERTY & BRO.

(District Court, E. D. Pennsylvania. March 27, 1903.)

#### No. 1,325.

1. BANKRUPTCY—ALLOWANCE OF CLAIMS—DEFENSE OF LIMITATION.

The general rule that the statute of limitations gives a personal privilege, which can only be pleaded by the debtor, is not applicable where the debtor is insolvent and his estate is being administered by a court, and any creditor of a bankrupt may interpose the defense to a claim presented for allowance against the estate.

In Bankruptcy. On certificate from referee.

Julius C. Levi and William C. Wilson, for claimants.
Harry S. Hopper, for other creditors.

J. B. McPHERSON, District Judge. Certain claims against the bankrupt estate were disallowed by the referee upon the ground that they were barred by the statute of limitations, and this certificate presents the question whether such disallowance was correct; the statute having been pleaded, not by the bankrupt, but by a creditor. The argument on behalf of the claimant is that the statute of limitations is a personal privilege belonging exclusively to the debtor, and that under no circumstances may it be set up by another creditor. In general, the correctness of this argument may be conceded, but it needs some qualification. There is a well-recognized exception, which is thus stated in 19 A. & E. Enc. of Law, 187: "Whether the estate being administered is that of a defunct corporation, or of a deceased or insolvent individual, it seems that any creditor may object to the

allowance of any particular claim on the ground that it is barred by the statute;" or to use the language of 13 Enc. of Plead. & Prac. p. 195: "Where a court of equity has taken possession of the estate of the debtor, for the purposes of distribution, and proceeded to ascertain the debts and incumbrances, to enable it properly to administer and distribute the assets, any creditor interested in the fund is permitted to interpose the defense of the statute of limitations." These statements in the text are abundantly supported by the authorities cited in the notes. See, also, In re Kingsley, Fed. Cas. No. 7,819.

The action of the referee in rejecting the claims is approved.