## In re CURRIER.

(District Court, N. D. New York. January 1, 1912.)

BANKRUPTCY (§ 314*)—CLAIMS BARRED BY STATUTE OF LIMITATIONS—NEW "ACKNOWLEDGMENT OF DEBT."

The inclusion by a bankrupt in his schedules of a debt barred by limitations constitutes an acknowledgment of the debt in writing taking the claim out of the statute of limitations, under Code Civ. Proc. N. Y. § 395, as between the bankrupt and the creditor, precluding the bankrupt from subsequently objecting to allowance of the claim, no other creditor being interested; but the claim is entitled to share in the distribution only in case the estate proves sufficient to pay in full all the legitimate expenses of administration, and all the other proved and allowed claims.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*

For other definitions, see Words and Phrases, vol. 1, pp. 107–110; vol. 8, p. 7562.]

In the matter of Frank W. Currier, bankrupt. On review of an order of the referee refusing to expunge a claim of Walter Loucks. Affirmed.

Jerome B. Cooper, for bankrupt.
Ford & Ford, for claimant.

RAY, District Judge. The bankrupt, Frank W. Currier, filed his voluntary petition in bankruptcy with the schedules required by law. Section 7, Act July 1, 1898, c. 541, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), as amended. In such schedules he expressly included Walter Loucks as an existing and present creditor of his to the amount stated. His schedules showed no assets. Subsequently it developed that he had assets with which to pay all his creditors in full. Mr. Loucks having proved his claim, the bankrupt moved before the referee to disallow and expunge same on the ground that, when he filed his petition in bankruptcy with schedules, the said claim of Walter Loucks was barred by the statute of limitations. The referee refused to expunge or disallow the claim, and the bankrupt appeals to this court.

The question is presented whether the inclusion by the bankrupt of such debt to Walter Loucks in the schedules showing his indebted-

ness and the persons to whom owing and the amount and nature thereof constitutes "an acknowledgment or promise contained in a writing signed by the party to be charged thereby" sufficient to take the claim out of the operation of the statute of limitations of the state of New York. Code of Civil Proc. §§ 380, 382, 395, c. 4, titles 1, 2, and 3.

The next question presented is, Can the bankrupt himself, having recognized the debt as existing, rescind his action for his own benefit, and raise the defense of the statute of limitations? The chapter referred to is entitled, "Limitation of the time of enforcing a civil remedy." Section 380 says:

"The following actions must be commenced within the following periods after the cause of action has accrued. * * *"

Section 382 says:

"Within six years. An action upon a contract, obligation or liability, express or implied; except a judgment or sealed instrument."

Section 395 (chapter 4, tit. 2) applies to all the preceding limitations, and reads as follows:

"Sec. 395. Acknowledgment or new promise must be in writing. An acknowledgment or promise contained in a writing signed by the party to be charged thereby, is the only competent evidence of a new or continuing contract, whereby to take a case out of the operation of this title. But this section does not alter the effect of a payment of principal or interest."

These schedules filed by Currier, the bankrupt, were signed and duly verified by him. The indebtedness to Loucks was therein in legal effect stated to be an existing debt owing by him to Loucks, and one from which he sought a discharge in bankruptcy. There was no suggestion that it was barred by the statute of limitations, or not enforceable for any reason. Clearly this was "an acknowledgment" of the existence of the indebtedness to Loucks "contained in a writing signed by the party to be charged thereby" (Frank W. Currier), and became "competent evidence of a new or continuing contract whereby to take a (the) case out of the operation of this title" (title 4).

The petition and these schedules were duly filed with the clerk of the court in bankruptcy, and became a public record and declaration of the bankrupt. Did the declaration or acknowledgment inure to and operate for the benefit of the claimant here, Walter Loucks? The filing of this petition with schedules attached was a caveat or notice to all the world, and especially to the creditors of the person filing it. It was a notice to them, a declaration made to them, and a declaration that the bankrupt was willing to surrender all his property (not exempt), and an acknowledgment made to them and each of them that he owed the debts specified and listed in the schedules to the creditors named, respectively, and was willing to have his property, after payment of expenses, applied to their payment.

Section 7 of the bankruptcy act provides that the bankrupt shall—

"(8) prepare, make oath to, and file in court within ten days, unless further time is granted, after the adjudication, if an involuntary bankrupt, and with the petition of a voluntary bankrupt, a schedule of his property, showing * * * and a *list of his creditors*, showing their residences, if known, if unknown, that fact to be stated, *the amounts due to each of them*, the consideration therefor, the security held by them, if any," etc.

In Collier on Bankruptcy (7th Ed.) 180, it is said:

"By far the most important schedule is that of creditors. Its purpose is threefold: (a) To give the court information as to the persons entitled to notice: (b) *to inform the trustee as to the claims against the estate* and the considerations on which they rest; and (c) to an extent, at least, to limit the effect of the bankrupt's discharge to parties to the proceeding."

It is presumed that this list filed by the bankrupt contained the names of those he acknowledged to be creditors at the time he made and filed his petition, and that he did so that they might have notice of the various proceedings in bankruptcy, share in distribution, and be bound by the discharge if granted. Loucks was, in fact, notified, and as a creditor proved his claim which had been acknowledged by the bankrupt as a continuing liability. The plea of the statute of limitations in New York goes to the enforcement of the remedy. The lapse of time, in this case six years, did not pay the debt. The bar of the statute could be waived by Currier by not pleading it, or by a new promise in writing to pay the debt, or by a written acknowledgment of its continuing existence as a valid debt or liability. It was not necessary that the instrument in writing acknowledging the existence of the debt should have been directed or delivered to the creditor. Winterton v. Winterton, 7 Hun, 230; Gilbert v. Morrison, 53 Hun, 442, 6 N. Y. Supp. 491, affirmed by Court of Appeals, 119 N. Y. 611, 23 N. E. 1143. In the last case cited the direction to pay the debt was contained in the last will and testament of the debtor, and in the first case it was held that the acknowledgment is sufficient if made to one who is acting for or in the interest of the creditor, and who may reasonably be expected to communicate it to him, and on which communication he may be expected to repose. Here the acknowledgment was made in court to the court which was to appoint a trustee and administer the estate and pay creditors, and also to all the creditors named in the schedules. All these were expected to know of the acknowledgment and act thereon. It was an acknowledgment communicated through the channel prescribed by law to all creditors and which necessarily must influence the action of the court and of the creditors. This very question has been decided in Matter of Hertzog, Choate, J., 12 Fed. Cas. 59 (No. 6,433), and in Matter of Ray, by Judge Blatchford, later of the United States Supreme Court, Fed. Cas. No. 11,589.

The objection to the allowance of this claim is not made by a creditor of Currier, the bankrupt, but by the bankrupt himself in his own interest. No creditor asks to expunge the claim. If a creditor had objected and raised the defense of the statute to the allowance of the claim, and demanded that it be expunged, a different question would be presented. No creditor is interested. It may be that while insolvent and a bankrupt a person may not file a petition in voluntary bankruptcy and in and by the same instrument as against creditors renew a debt the remedy of which is barred by the statute of limitations. If the voluntary petitioner is insolvent, a bankrupt, it would seem inequitable to permit him in his schedules to renew by acknowledgment and implied promise all his outlawed debts as against his other creditors. Creditors with valid claims and perhaps

the trustee might still contest such claims as barred by the statute. In Re John J. Lafferty & Bro., 122 Fed. 558, J. B. McPherson, District Judge, held:

"The general rule that the statute of limitations gives a personal privilege which can only be pleaded by the debtor is not applicable where the debtor is *insolvent* and his estate is being administered by a court, and *any creditor* of a bankrupt may interpose the defense to a claim presented for allowance against the estate."

This is not a holding that the bankrupt himself, after having made in his schedules the written acknowledgment necessary to remove the bar of the statute, may have the claim disallowed or expunged in his own interest. "The trustee under an assignment for the benefit of creditors cannot interpose the plea of the statute of limitations as to claims against the debtor making the assignment when such debtor (the assignor) declines to plead it and voluntarily waives the statute." 19 Am. & Eng. Encyclopedia of Law, 187; In re Passmore, 194 Pa. 632, 45 Atl. 417; Waterman v. A. & W. Sp. Mfg. Co., 14 R. I. 43.

In Re Gibson (Court of Appeals Ind. Ter. Sept. 25, 1902) 4 Ind. T. 498, 69 S. W. 974 (see note to In re Wooten, 9 Am. Bankr. Rep. 247, where a part of the opinion is given), the Court of Appeals held that including the debt in his schedules by the bankrupt is a sufficient acknowledgment, and that the bankrupt himself cannot have the claim, if duly proved, disallowed, or expunged, so long as creditors or the trustee do not complain. I do not see why this is not sound sense and good law. The interests of creditors are not involved. The bankrupt filed his petition for the purpose of being discharged from his existing debts, and he scheduled them, this with others, for that purpose. True, he did not know that he had property to pay his debts, but this does not change the effect of his acts so far as he is concerned. The real question is, Can a person, in fact solvent, but ignorant of the fact, file a voluntary petition in bankruptcy, schedule outlawed debts, thereby acknowledging their existence as present, valid and existing claims, and then, on discovering his solvency, himself plead the statute of limitations to such claims on the theory that he could not as against creditors and therefore as against himself in effect waive the statute of limitations at the time of and on filing his voluntary petition in bankruptcy? I think the person alleging himself a bankrupt may, so far as he is concerned and his interests are involved, waive the statute of limitations and acknowledge the debt, otherwise barred, by inserting it as a valid, existing claim in his schedules. Should a creditor be interested and raise the question of the right of a bankrupt actually insolvent on filing his petition to then renew his outlawed debts, I should be inclined to hold that such acknowledgment made at that time would not preclude creditors from showing the debt was barred.

In Collier on Bankruptcy (8th Ed.) 722, it is stated that debts of the bankrupt barred by the statute of limitations are not provable. This is, of course, true if the question is raised by creditors or the trustee, and possibly even if the referee discovers the fact in examining the claim. Collier continues:

"The reason of this doctrine seems to be one of abstract equity. Strictly, an outlawed debt is within the terms of section 63a(1), and therefore provable.

But, since such a debt could not have been asserted before bankruptcy against the objection of the debtor, the law prevents its proof *against the other creditors* and the consequent reduction of their *pro rata* by an interloper whose remedy has been lost by his own laches."

This reason for applying the rule fully does not exist here. The bankrupt acknowledged the existence of the claim and his liability thereon in his schedules. In fact, he was not insolvent. The pro rata of creditors is not affected by allowing the claim. It is a question between the bankrupt personally and Loucks, one of his creditors, whether the surplus of the estate of such bankrupt after paying expenses and all other creditors in full shall go back to such bankrupt, or be applied to the payment of the claim of Loucks. The court of bankruptcy is a court of equity, and may, I think, do equity in allowing claims and distributing the estate. I know of no provision in the bankruptcy law or rule of equity which prevents a voluntary bankrupt from acknowledging the present existence of a debt against himself in the manner prescribed by law even in his schedules and being individually and personally bound thereby.

I think the referee was right in refusing to disallow and expunge the claim of Loucks on the application of the bankrupt, but in distribution of the estate such claim will only be entitled to payment or to share in the distribution thereof in case the estate proves sufficient to pay in full all legitimate expenses of administration and all the other proved and allowed claims. The application of this rule may result in reducing the dividend of Loucks.

With this limitation and modification the order of the referee is affirmed.