## P. P. ELDER v. MATILDA DYER.

STATUTE OF LIMITATIONS; *Acknowledgment of Existing Liability.* In an action against two defendants, on a promissory note executed by both of the defendants, one of the defendants confessed judgment, and the other pleaded the statute of limitations. The note on its face appeared to be barred by such statute. There were several indorsements of payments on the note, but none of them were either alleged or proved, so as to take the cause of action on the note out of the operation of the statute, as to the defendant pleading the statute. The defendant who confessed judgment was in fact the principal on the note, and the defendant who pleaded the statute was only a surety, although both appeared on the face of the note to be makers thereof, and principals. The defendant who pleaded the statute wrote and sent a letter to the plaintiff within less than five years next before the commencement of the action on the note, saying, with reference to the note: "A. [meaning his co-defendant] is a queer man about his business and debts; cares but little what you say to him." "You should write him a sharp letter, and demand of him an indorser there," (meaning in Maine, where the plaintiff resides.) "I do not want to be held longer on the note." From this letter the court below found that the defendant, by the use of the language contained in the letter, then and there "acknowledged an existing liability" upon the note, and thereby took the plaintiff's cause of action against this defendant, out of the operation of the statute, and revived the cause of action against him. *Held,* That the court below did not err.

*Error from Franklin District Court.*

ACTION brought by *Dyer* against *Alvah Elder* and *P. P. Elder*, on a promissory note. Trial, and judgment for plaintiff, at the May Term, 1881, of the district court. The defendant *P. P. Elder* brings the case here. The opinion states the facts.

*Mason & Meigs,* for plaintiff in error.

*J. K. Goodin,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Matilda Dyer against Alvah Elder and P. P. Elder, on a promissory note, which reads as follows:

"OTTAWA, KANSAS, Sept. 5th, 1871.

"For value received, I promise to pay to Matilda Dyer, or order, of New Portland, Maine, five hundred dollars, with interest at ten per cent. per annum until paid, payable on or before one year from date.                    ALVAH ELDER,

[Revenue stamp—10c., canceled.]        P. P. ELDER."

The plaintiff alleged in her petition, among other things, as follows:

"The following indorsements appear on said note: 'Received fifty dollars for interest up to Sept. 5th, 1872;' 'Sept. 5th, 1873, received on the within note fifty dollars;' 'August 11, 1874, received on the within note fifty dollars;' 'Sept. 5, 1875, received on the within note fifty dollars;' 'November 25th, 1876, received on the within note fifty dollars.'"

This was the only allegation with respect to any indorsement made in the petition. The defendant Alvah Elder confessed judgment for the amount claimed in the plaintiff's petition. The other defendant, P. P. Elder, pleaded the statute of limitations. The plaintiff replied by filing a general denial. A trial was had before the court, without a jury, upon these pleadings; and the court made the following finding;

"That on the 10th day of March, 1878, the defendant P. P. Elder, in writing of that date, directed to and received by the plaintiff, used the following language in reference to the note sued upon in this action, and set forth in the plaintiff's petition, to wit: 'Alvah [meaning the co-defendant in this case] is a queer man about his business and debts; cares but little what you say to him.' 'You should write him a sharp letter, and demand of him an indorser there.' 'I do not want to be held longer on that note;' from which I find that the defendant then and there acknowledged an existing liability upon said note, and is therefore now chargeable with the amount now due thereon, which I find to be $735.83, which is the only evidence of acknowledgment of an existing liability upon which is predicated the finding for the plaintiff upon that issue. And the court doth further find that the said Alvah Elder is principal on said note, and the said P. P. Elder is security for its payment."

Upon the pleadings and this finding, the court rendered judgment in favor of the plaintiff and against the defendant

P. P. Elder, for the said sum of $735.83, and costs. This judgment was rendered on May 27, 1881. The defendant P. P. Elder now brings the case to this court, claiming that the court below erred in finding that the cause of action of the plaintiff below was not barred by the statute of limitations.

The statute of limitations relied upon by the plaintiff in error, defendant below, is the first clause of § 18 of the code of civil procedure, which provides for barring causes of action on written contracts, like the one sued on in this action, in five years after the cause of action has accrued. The defendant in error, plaintiff below, relies upon § 24 of the code of civil procedure as taking this case out of the said statute. Said § 24 reads as follows:

"SEC. 24. In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

It does not appear from the record brought to this court, that the payments indorsed on the note were either alleged or proven to have been made at the time they purport to have been made, or that they were made by the defendant P. P. Elder, or that they were in fact made at all. There is no allegation in the petition that such indorsements were placed on the note at the times of their respective dates, or at any time when it was against the interest of the plaintiff that they should be placed on the note; and there is no allegation in the petition that they were placed on the note by the direction or with the consent of the defendant P. P. Elder. If these allegations had been made, the case would have been brought within the decision in the case of *Pears v. Wilson*, 23 Kas. 343; but instead of these allegations, the plaintiff merely alleged in effect that the indorsements appeared on the note at the time when her petition was filed in the district court. If, however, the allegations had been such as to bring this

case within the case of *Pears v. Wilson,* then the proof would probably have brought the case within the decision in the case of *Steele v. Souder,* 20 Kas. 39. The plaintiff, by her allegations of indorsements of payments on the note, simply gave the benefit of the alleged payments to the defendant and reduced the amount of her judgment against the defendant; but did not take her cause of action for the balance due on the note out of the operation of the statute of limitations.

It does not appear from the record that any question was raised in the court below, and none has been raised in this court, as to the competency of evidence under the pleadings, (including the letter written by the defendant P. P. Elder to the plaintiff,) introduced to prove and claimed by the plaintiff to prove an acknowledgment of an existing liability on the note; therefore the only question presented to us for our consideration is, whether this letter will have the power and effect to take the plaintiff's cause of action out of the operation of the statute of limitations.

The action was commenced on March 26, 1881; the defendant's letter was dated March 10, 1878; and the material portion of his letter is as follows: "Alvah [meaning the co-defendant in this case] is a queer man about his business and debts; cares but little what you say to him." "You should write him a sharp letter, and demand of him an indorser there," (meaning in Maine, where the plaintiff, Mrs. Dyer, lived.) "I do not want to be held longer on that note."

The court below found that the defendant by this letter acknowledged an existing liability upon the note sued on, and that he thereby took the case out of the statute of limitations. Said § 24 of the civil code provides three ways by which an action on contract, after it has become barred as well as before, may be taken out of the operation of the statute: 1. By the payment of part of the principal or interest; 2. By an acknowledgment in writing of an existing liability, debt or claim, signed by the party to be charged; 3. By a promise of payment in writing, signed by the party to be charged. The statute does not require that all of these things shall exist

before a cause of action is taken out of the operation of the statute, but only requires that some one of them shall exist; hence, if any one of these things transpires, then the cause of action is taken out of the operation of the statute. The supreme court of Ohio, in the case of *Bissell v. Jaudon,* 16 Ohio St. 508, under a statute almost identical with ours, uses the following language:

"Much of the learning, however, displayed in the books upon this subject is of no application here; for, in the language of the learned judge who delivered the opinion in the case of *Hill v. Henry,* (17 Ohio, 9,) in this state, 'the law-making power itself has undertaken to prescribe what acts shall have the effect to suspend the operation of the statute, or, in other words, what acts shall operate to take the case out of the statute. One of these is an acknowledgment of the debt; another is a promise to pay."

The case of *Hill v. Henry* was decided in 1848, and the case of *Bissell v. Jaudon* was decided in 1866. The supreme court of Iowa, in the case of *Penley v. Waterhouse,* 3 Iowa, 420, decided, with reference to a cause of action that had been barred by a statute of limitations of Iowa, that "the cause of action may be revived not only by a promise to pay, but also by an acknowledgment of the debt." In the present case, and as the case is now presented, it is not claimed that the cause of action is taken out of the operation of the statute by any payment of any part of the principal or interest; nor is it claimed that the cause of action is taken out of the operation of the statute by any promise in writing, made and signed by the defendant; but it is claimed that the cause of action is taken out of the operation of the statute by virtue of an acknowledgment in writing of an existing liability on the note, signed by the defendant, the present plaintiff in error. And this is the only question which is now presented to us for our consideration.

Various and conflicting decisions may be found in the reported cases upon questions similar to this, but scarcely one of such decisions is applicable to this case. They are all founded upon statutes different from ours, or they are based

upon theories which have no application in this state. Some of them are based upon the erroneous theory that statutes of limitation as to debts operate as presumptions of payment of the debts, and do not operate as statutes of repose; while in this state all statutes of limitation are considered as operating only as statutes of repose, and not as presumptions of payment. Other decisions are founded upon statutes which provide for taking causes of action on contract out of the operation of the statute only by partial payment, or by a new promise. These decisions hold that no acknowledgment can take a case out of the operation of the statute, unless the acknowledgment amounts in law to a new promise. Of course such is not the law in Kansas. Many of these decisions also go to the extent of holding that the action must be brought on the new promise, and not upon the original debt or claim. Neither is this the law in Kansas. In Kansas, all that is necessary to take a cause of action founded upon contract out of the operation of the statute is, that there should be an acknowledgment of "an existing liability" on the original debt or claim; and then when the action is brought, it is brought not upon the acknowledgment, nor upon any new promise, but it is brought upon the original debt or claim. Numerous decisions may be found holding that the slightest acknowledgment of liability is sufficient to take the debt or claim out of the operation of the statute; but as the most of these decisions are founded upon the erroneous theory that the statute of limitations is a statute of presumption of payment, and not a statute of repose, they are not applicable in this state. Probably more decisions of this kind can be found than decisions holding that the acknowledgment must amount to a promise of payment of the debt or claim. But, as we have said before, neither of these classes of decisions is applicable in this state. We must simply look to our own statute, although we may possibly receive some light from decisions under statutes of other states, where the statutes are substantially the same as ours. The case of *Hanson v. Towle*, 19 Kas. 273, decided in our own state, and referred to by counsel, does not control the decision

39 — 26 KAS.

in this case; and we know of no case that does. Our statute, to revive a debt or claim, requires only "acknowledgment of an existing liability" on the particular claim in controversy, and this acknowledgment may be in any language which the party making it desires to use. No set phrase or particular form of language is required; anything that will indicate that the party making the acknowledgment admits that he is still liable on the claim, that he is still bound for its satisfaction, that he is still held for its liquidation and payment, is sufficient to revive the debt or claim; and there is no necessity that there should also be a promise to pay the same, either express or implied. Of course we know that an acknowledgment of an existing liability on an honest debt or claim generally raises an implied promise or contract to pay the same; but whether it does or not, is not a question to be considered in this state. The statute says nothing about an implied contract or promise, and the action, if revived at all, is not to be brought on the implied contract or promise, but only on the original liability. In the present case the defendant P. P. Elder admitted the execution and existence of the promissory note sued on; he admitted that it was honest and just in its inception and creation; he admitted that it was not paid at the time he wrote the letter to the plaintiff, and he wrote the letter to get an indorser on the note; or, in other words, to obtain another surety for the debt, and have himself released, as he in fact was only a surety; and then he says, "I do not want to be held longer on that note." Now, taking the entire language of the letter and construing it all together, is it not equivalent to saying, "I am now held on the note, but I do not wish to be held any longer than it will be necessary for you to obtain a new surety on the debt?" He did not say that he was not liable on the note. He did not refrain from saying anything about his liability—that is, he was not merely silent with reference to his liability; and then did he not in fact say, although not in the most direct form, that his liability still continued? And if he did say this, it would seem to be all that was necessary to revive the debt.

We think the decision of the court below is correct, and therefore its judgment will be affirmed.

HORTON, C. J., concurring.

BREWER, J.: I concur in the opinion filed in this case, though I think upon the facts the question is a close one. I do not propose, however, to comment upon the facts herein, and only desire to add a few words to modify the language used by me in both the syllabus and opinion in the case of *Hanson v. Towle, Adm'r*, 19 Kas. 273. That language is as follows: "There must be an unqualified and direct admission of a present subsisting debt on which the party is liable, *and which he is willing to pay.*"

Now these words seem to imply that the acknowledgment, however strong and express, must also contain language indicating a willingness to pay, or, at least, nothing showing an unwillingness to pay, and I find that they have been so understood. As so understood they do not state the law correctly. An honored friend, occupying a high judicial position in this state, has suggested this form of an acknowledgment, which makes very clear the misleading character of those words: "I owe that debt; I admit that it is an existing and just claim upon me, but I never will pay it." Here there is the express and clear acknowledgment of an existing debt, but there is not only nothing indicating a willingness to pay, but on the contrary an express refusal to pay. Is such an acknowledgment within the statute? Unhesitatingly I answer, yes. The words above quoted from the syllabus and opinion in *Hanson v. Towle*, while they seem to conflict with this understanding of the statute, were not intended to have that effect; all that was in the thought of the court at that time was to make emphatic the idea that an acknowledgment was an unequivocal admission of a present and subsisting liability, and not a mere casual reference to some paper or instrument which might or might not be a valid claim against the party thus referring thereto.

This is all I desire to say, and simply write this to correct the misapprehension which naturally would arise from the use of the words above quoted.