# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1888.

### PRESENT:

HON. ALBERT H. HORTON, CHIEF JUSTICE.
HON. DANIEL M. VALENTINE, } ASSOCIATE JUSTICES.
HON. WILLIAM A. JOHNSTON, }

## FRED PRACHT v. JAMES MCNEE.

LIMITATION OF ACTIONS—*Acknowledgment—Part Payment.* The trial
court held that this action, which was for a balance due on a promis-
sory note, was not barred by any statute of limitations. *Held,* That
no error is shown, for the following reasons: First, it is not shown
when the action was commenced; second, there was "an acknowledg-
ment" made by the defendant in writing within less than five years
before the commencement of the action "of an existing liability,
debt, or claim;" third, there was also a part payment made by the
defendant on the note within the same time by the giving of a sec-
ond note.

*Error from Chase District Court.*

ACTION by *McNee* against *Pracht,* to recover upon two
promissory notes. Trial at the April term, 1886, and verdict
for plaintiff for $378.50. New trial denied. Judgment in
accordance with the verdict; and that $200 of the judgment
draw interest from date at the rate of 12 per cent. per annum;
that $178.50 thereof draw interest at the rate of 7 per cent.
per year from date; and that plaintiff recover the costs of suit.
The defendant *Pracht* brings the case here. The material
facts are fully stated in the opinion.

1—40 KAS.

*Thos. O. Kelley,* for plaintiff in error.

*Madden Bros.,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced in the district court of Chase county by James McNee against Fred Pracht, on two promissory notes executed to McNee as follows: The first is dated December 10, 1877, is for $200, due December 10, 1879, drawing interest from date at the rate of twelve per cent. per annum, and is signed by Fred Pracht and Elbert W. Finn; and upon this note are two indorsements, one for $22.50, received June 29, 1880, and the other for $200, received June 10, 1885. The second note is dated June 10, 1885, is for $200, due September 10, 1885, drawing interest from date at the rate of twelve per cent. per annum, and is signed by Fred Pracht. When this suit was commenced is not shown. There is no controversy concerning the second note. It is admitted to be due and unpaid. Neither is there any controversy with respect to the first note and the indorsements thereon, except as follows: The defendant claims that the first note has been wholly paid, and if not paid that it was barred by the five-years statute of limitations when this action was commenced; while the plaintiff claims that no payments have been made on the note except such as are shown by the indorsements thereon, and that such payments were in fact made, and that there still remains due on the note a balance of about $185.50. The facts of the case, stated briefly, are substantially as follows: Both notes were executed as they purport to have been. The payment of $22.50 was made by Finn on the first note at the date of the indorsement of the same thereon. The payment of $200 indorsed on the first note was made by the execution of the second note. All parties understood that the giving of the second note was a payment of $200 on the first note, the plaintiff claiming that it was merely a payment of that amount, leaving a balance due on the note, while the defendant claims that it was a full and

complete payment of the first note. It is also shown that prior to the execution of this second note, and on May 28, 1885, the defendant, Fred Pracht, sent through the United States mail a postal card directed to James McNee at Cottonwood Falls, Kansas, which postal card reads as follows:

"*James McNee, Cottonwood Falls:* I will turn you over farmers' notes for the note you hold against me—the Fign note. Let me hear from you.  F. PRACHT."

The first note above mentioned was the only note held by the plaintiff in which the defendant had any interest, and was the only Fign note, or Finn note, held by him, and was the note which the evidence shows the defendant had reference to when he sent the postal card. The case was tried before the court and a jury, and the verdict and judgment were in favor of the plaintiff, and for all that he claimed, and the defendant, as plaintiff in error, brings the case to this court.

The only ground urged in this court for a reversal of the judgment of the court below is, that the court below erred with respect to the statute of limitations. The defendant (plaintiff in error) claims that the balance claimed by the plaintiff to be due on the first promissory note was at the time of the commencement of this action barred by the statute of limitations; and the decision of this court depends entirely upon the question whether this claim is correct or not. On the other hand, the plaintiff claims that no error is shown or was committed with respect to the statute of limitations, and this for the following reasons: First, it is not shown when this action was commenced. Second, the postal card sent by the defendant to the plaintiff on May 28, 1885, extended the time for five years thereafter for the operation of the statute of limitations. Third, the payment of the $200 on the first note by the giving of the second note on June 10, 1885, further extended the time for the operation of the statute of limitations. Or in other words, the plaintiff claims that it does not appear that five years elapsed after the note became due, or after the sending of the postal card, or after the $200 payment was made, and before the commencement of this action. We

think the plaintiff's claim is good. First, error is never presumed, but must in all cases be affirmatively shown. This the plaintiff in error (defendant below) has not done in this case, for he has not shown when this action was commenced. Second, the sending of the postal card by the defendant to the plaintiff was "an acknowledgment of an existing liability, debt or claim" within the meaning of § 24 of the civil code, and therefore the time for the complete operation of the statute of limitations was extended for five years after that time. (*Elder v. Dyer*, 26 Kas. 604.) The note was in fact in full force and effect when this postal card was written and sent, and the defendant was in fact liable on the same at that time. Third, we also think that the payment of $200 made on the first note by the giving of the second note was such a part payment of the first note as would extend the operation of the statute of limitations against the remainder of the debt due on the first note for five years after the giving of the second note. (Civil Code, § 24.) It is not necessary in any case that a *payment* for the purpose of taking a case out of the operation of the statute of limitations, or of suspending or postponing its operation, should be made *in money*. *Anything of value given and received by the parties as a payment or a partial payment is sufficient.* And certainly the giving of a new note which is given and received as a partial payment of the old indebtedness is amply sufficient. (*Wenman v. Mohawk Ins. Co.*, 13 Wend. 268.)

No error being shown in this case, the judgment of the court below will be affirmed.

All the Justices concurring.