Van Patten & Marks v. Bedow & Looft.

VAN PATTEN & MARKS v. BEDOW & LOOFT *et al.*

75  589
111  61

1. **Statute of Limitations:** CONTINUOUS ACCOUNT: PAYMENTS BY ASSIGNEE OF INSOLVENT. Payments made by the assignee of an insolvent, upon an account filed and allowed against his estate, are not to be regarded as made in continuation of the original account in such sense that an action against the insolvent upon the account will not be barred if brought within five years after the last of such payments. Such payments are not items of the account for that purpose.

2. ———: ACCOUNT: ADMISSIONS: SUBSEQUENT LAPSE OF TIME. The defendants made an assignment for the benefit of their creditors, and recognized the account sued on by including it in their sworn schedule of claims against them. *Held* that this, regarded as an admission that the debt was unpaid, or even as a new promise (which it was not), did not authorize an action upon the account more than five years after the admission or promise was made.

3. ———: PRESUMPTION AS TO RESIDENCE: PLEADING. It will be presumed, unless otherwise alleged, that parties to an action in this state are citizens of the state, and that the cause of action accrued in this state; and where a petition alleges nothing as to these points, but otherwise shows that the cause of action is barred by the statute of limitations, it is bad on demurrer.

*Appeal from Mahaska District Court.* — HON. J. K. JOHNSON, Judge.

FILED, OCTOBER 22, 1888.

ACTION on account for goods and merchandise. A demurrer to the petition was overruled, and defendants refusing to further plead, judgment was entered for plaintiffs, and defendants appeal.

*J. O. Malcolm*, for appellants.

*J. F. Lacey*, for appellees.

BECK, J.—I. The petition declares on an account for merchandise, the last item of which is of date September 12, 1881. The account shows credits, the last two dated September 28, 1881, and May 11, 1882, respectively. The petition shows that on the twenty-ninth day of September, 1881, the defendants executed an assignment for the benefit of their creditors, and the last payment was made by the assignee, and is the same that is credited on the account as of May 11, 1882. The action was commenced February 21, 1887, the notice being delivered for service on that day. The petition alleges that defendants admitted by the assignment, and the list of creditors sworn to and filed therewith, that the debt remained unpaid, and thereby the cause of action was revived. The defendants demurred to the petition on the ground that it shows that the cause of action is barred by the statute of limitations.

1. STATUTE of limitations: continuous account: payments by assignee of insolvent.

II. The demurrer, in our opinion, ought to have been sustained, as the petition shows that the cause of action is barred by the statute of limitations. Plaintiffs insist that the payment by the assignee was made upon the account, and is therefore a proper item of the account, which shows coutinuous dealings up to and including the date of that item, which is to be regarded as the last item of the account at the date of which, under Code, section 2531, the cause of action accrued. We are of the opinion that the payment by the assignee is not to be regarded as a payment on the account, but rather upon the debt as it existed, and had been settled and determined by the proceedings under the assignment. These proceedings are really to some extent judicial in their character. The district court directs payments to be made by the assignee, and determines by trials the validity and amounts of the claims filed in the assignment proceedings. The question of the

·Van Patten & Marks v. Bedow & Looft.

existence of the indebtedness is determined by the judgment of the court where it is disputed, and nothing can be paid by the assignee except upon an order of the court for distribution of the assets in his hands. Now, surely it cannot be claimed that payment to the creditor is to be regarded as a continuance of the transactions which are evidenced by the account. The account in fact had been terminated when the assignment was made. It would be absurd to say that, after the failure of a debtor, and the winding up of his affairs in a manner prescribed by the law, by the transfer of all his property to an assignee, an account against him is to be regarded as continuous as long as payments may be made by the assignee thereon. Yet that is this case. The account cannot be regarded as continuous in the contemplation of Code, section 2531, after all the business connected therewith is taken from the debtor's hands and put into the hands of an assignee to be settled as directed by the court in judicial proceedings provided for such cases. We conclude that the payment by the assignee is not to be regarded as an item of the account. The following cases support this conclusion : *Pickett v. Leonard*, 34 N. Y. 175 ; *Marienthal v. Mosler*, 16 Ohio St. 566 ; *Roscoe v. Hale*, 7 Gray, 274; *Parsons v. Clark*, 59 Mich. 414 ; *Whitney v. Chambers*, 17 Neb. 90.

III. It is claimed by plaintiff that the assignment and schedule of defendants, sworn to by the defendants, revived the cause of action. This position may be assumed to be correct. But how long did that revivor keep alive the cause of action ? It clearly was not a new promise, but only an admission that the debt remained unpaid. The action, therefore, was properly brought on the original cause of action. The admission removed the bar of the statute to the original cause of action, which began to run anew from the day of the admission. But if it should be held that there was a new promise made by the assignment, which, we think, cannot be admitted; and the action was brought thereon, the same

2. ——:account: admissions: subsequent lapse of time.

result would follow, for the statute would begin to run when the new promise was made. Now, this admission of the debt by the assignment or the new promise, if it be so called, was made September 29, 1881. The action was commenced more than five years after the revivor. It is therefore barred. See *Bayliss v. Street*, 51 Iowa, 627; *Ayres v. Bane*, 39 Iowa, 518.

IV.   Counsel for plaintiffs argue that, as the petition does not show that the defendants are and have been residents of Iowa, and that the account accrued in this state, it fails to show that the action is barred.   There is nothing in the pleadings to show the place of residence of defendants at any time, or the place where the contract under which the account accrued was made.   It is true that defendants' residence and the place of the contract may have been in another state.   But the presumption arises that parties to actions are citizens of the state, and that the causes of action arose in the state, until the contrary appears.   The petition alleges all facts which, if admitted, entitle plaintiffs to recover.   Presumptions will not establish imaginary facts, not pleaded, which defeat recovery.   The non-residence of the defendants, or the fact that the contract was made in another state, are proper facts to be set up in reply to the plea of the statute of limitations, and they will not be imagined or presumed until pleaded.   If plaintiffs relied upon these facts to defeat the defense of the statute of limitations, they should have pleaded them in their petition or set them up in a reply to defendants' answer.   We reach the conclusion that the demurrer of defendants to plaintiffs' petition ought to have been sustained.

