JOHN CLARK, *as Administrator of the estate of Elizabeth King, deceased*, v. M. S. H. KING.

LIMITATION OF ACTION—*Acknowledgment of Liability.* A letter written by defendant to plaintiff containing the following: "I think you are a little mistaken about my notes amounting to over $800. Even at compound interest, they would not amount to that much. The whole amount, $600, on interest three years, at 8 per cent. would only be $48, and for three years would be $144, making a grand total of $744, and you ask me to pay $300, would leave $444. If each share will be between $500 and $600, what is the use for me to pay more than is

necessary merely to have it returned," and which refers to the notes in controversy, is a sufficient acknowledgement of an existing liability to relieve the action on the notes from the bar of the statute of limitations.

*Error from Pottawatomie District Court.*

ACTION by *John Clark*, as administrator of the estate of Elizabeth King, deceased, against *M. S. H. King*, on two promissory notes. Judgment for defendant on the second note. Plaintiff comes to this court. The opinion states the facts.

*Codding & Challis*, for plaintiff in error.

*Sprague & Tracy*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by John Clark, as administrator of the estate of Elizabeth King, deceased, against M. S. H. King, to recover on two promissory notes for $200 each, dated November 26, 1881, one due November 26, 1883, and the other November 26, 1884, both bearing interest at 8 per cent. The only question in the case is as to whether the note maturing first was barred by the statute of limitations at the time this action was commenced. It is so barred unless the bar is removed by the following letter:

"MOODYVILLE, KAS., December 9, 1885.
"*John Clark, Esq., Mechanicstown, Ohio:*
"DEAR SIR—Yours of November 25th is at hand, and in reply would say, that I am ready to meet the notes on the terms you have offered, and ask you to send the three notes to the Wamego bank, instructing them to collect what you think there will be over my share of the estate, and to turn the notes over to me and take my receipt for the balance, as a part of my share of the estate, and return to you. I think you are a little mistaken about my notes amounting to over $800. Even at compound interest, they would not amount to that much. The whole amount, $600, on interest three years, at 8 per cent. would only be $48, and for three years would be $144, making a grand total of $744, and you ask me to pay $300, would leave $444. If each share will be be-

tween $500 and $600, what is the use for me to pay more than is necessary merely to have it returned. I will send you a blank check so there will be no mistake about the address. The Wamego bank are responsible parties. You need have no fear in sending to them. I will close, hoping to hear from you through the bank soon.     Yours, etc.,
                              M. S. H. KING."

It is not necessary, in order to relieve the plaintiff's cause of action from the bar of the statute, that there be both an acknowledgment of an existing liability and a promise to pay. It is sufficient if there be an acknowledgment of the debt. In the case of *Hanson v. Towle*, 19 Kas. 273, in the fourth paragraph of the syllabus, the following language occurs: "There must be an unqualified and direct admission of a present subsisting debt on which the party is liable, and which he is willing to pay." In the case of *Elder v. Dyer*, 26 Kas. 604, it was held, that an acknowledgment in writing of an existing liability or debt was sufficient, without any promise to pay, and Mr. Justice BREWER, who wrote the opinion and syllabus in the case of *Hanson v. Towle*, supra, takes occasion in a concurring opinion to correct the language above quoted.

We think the letter contains a clear admission of an existing liability on the notes. It contains no suggestion of any payment having been made. The writer expresses a desire that his share of the estate in the hands of the administrator may be appropriated to the payment of these notes, and that he be required to pay the balance only. How much his share in the estate was in fact, in not shown. The language used in this letter is much stronger, and the admission much clearer, than that used in the case of *Elder v. Dyer*, supra. The letter can hardly be regarded as proposing a compromise of a disputed claim. It admits the existence of the three promissory notes. It claims an undetermined share in an unsettled estate. There would seem to be no question as to the amount with which the defendant should be charged. The only matter not then determined was the amount the defendant would ultimately be entitled to receive out of the estate,

and this ordinarily and presumably could only be determined after the collection of all the assets and final settlement of the estate. In *Pracht v. McNee*, 40 Kas. 1, a postal card reading: "James McNee, Cottonwood Falls: I will turn you over farmers' notes for the note you hold against me—the Fign note. Let me hear from you.—F. PRACHT," was held to be a sufficient acknowledgment. The court below made special findings, showing that the letter above mentioned was written by the defendant, and received by the plaintiff; that the notes were duly executed; are the notes referred to in the letter, and have not been paid. It follows that the conclusion reached by the trial court was erroneous. The judgment as to the second note is reversed, and the cause remanded, with the direction to enter judgment for the amount of both notes with interest.

All the Justices concurring.