H. J. HARMS V. F. H. FREYTAG ET AL..

FILED DECEMBER 6, 1899.  No. 9,051.

Note: ACKNOWLEDGMENT OF INDEBTEDNESS: STATUTE OF LIMITATIONS. A letter in which a surety on a note states to the payee that he is informed that the note, describing it, is not paid, and asks the payee to collect the money due upon it, and declares that he "will not longer be held good for the note" in case it be not promptly collected, is a sufficient acknowledgment of the indebtedness to arrest the running of the statute of limitations.

ERROR from the district court of Nemaha county. Tried below before STULL, J.  *Reversed.*

*G. W. Cornell, W. H. Kelligar* and *Edgar Ferneau,* for plaintiff in error.

*H. A. Lambert, contra.*

SULLIVAN, J.

H. J. Harms brought this action in the district court of Nemaha county to recover on a promissory note executed by F. H. Freytag as principal, and by D. Oestman and F. Schlange as sureties. Oestman was not served with summons. Freytag made default, and Schlange answered, alleging that the action was barred by the statute of limitations. The court tried the case without a jury, and found the issue raised by the answer in favor of Schlange. Judgment was rendered on the finding, and the plaintiff, being dissatisfied, brings the record

here for review. Whether the trial court reached a correct conclusion depends entirely on the meaning of two letters written by Schlange to Harms in regard to the note in suit. These letters, which were written in the German language, were held to be insufficient as an acknowledgment of a subsisting liability to arrest the running of the statute of limitations. The first one, as translated, is as follows:

"SOUTH AUBURN, NEB., April 12, 1894.

"DEAR FRIEND H. HARMS: You have written me, last harvest, that the note from Fr. Freytag is not yet paid, the one that I and Oestman have undersigned. I would like to ask you to collect in the money as soon as possible, for I will no longer be held good for the note. If you will let him have the money any longer; so let him [Freytag] give you a new note. I like you to tarry no longer with the matter, for it is high time, for the note is very likely due for quite a long time. If you do not collect in the note now, then I will not have anything no more to do with it.

"Your friend,          F. SCHLANGE."

This writing is, we think, a sufficient acknowledgment, within the meaning of section 22, Code of Civil Procedure, which declares: "In any cause founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise." In the letter above set out Schlange says that he is informed the note has not been paid. He asks Harms to collect the money due upon it, and declares that he "will not longer be held good for the note," in case it be not promptly collected. This is a plain admission that he was liable on the note when the letter was written, but that his liability would presently cease unless payment should be enforced. In *Elder v. Dyer*, 26 Kan., 604, it was held that a letter con-

taining the statement, "I do not want to be held longer on the note," was an acknowledgment of an existing liability, within the meaning of the Kansas statute, which is substantially identical with our own. Valentine, J., delivering the opinion, said: "No set phrase or particular form of language is required. Anything that will indicate that the party making the acknowledgment admits that he is still * * * held for its liquidation and payment, is sufficient to revive the debt or claim." In *Devercaux v. Henry*, 16 Nebr., 55, the following letter, written by the signer of a note to the payee, was held to be a sufficient acknowledgment to take the case out of the operation of the limitation law: "If I ever get able, I will pay every dollar I owe to you and all the rest. You can tell all, as soon as I get anything to pay with, I will pay. As for giving a note, it is of no use. I will pay just as quick without a note as with it." We are not able to distinguish the cases cited from the case at bar, and therefore hold, without reference to the second letter written by Schlange to Harms, that the finding and judgment are erroneous, and should be set aside.

REVERSED AND REMANDED.