### In re GIBSON.

Opinion delivered September 25, 1902.

1.  *Bankruptcy—Claims—Limitations—Waiver.*

    Where a bankrupt includes in his schedule of creditors the names of certain parties, the defense of the statute of limitations as to the claims of such creditors is waived, and a motion to expunge these claims because barred by the statute, filed after the hearing before

the referee, is in the nature of a motion for a new trial raising the question of the bar for the first time, and consequently it cannot be entertained.

In the matter of the petition in bankruptcy of G. C. Gibson. Motion by bankrupt to expunge the claims of Keith Bros. & Co. and other creditors. Motion denied. The bankrupt petitions for review. Overruled.

*Patchell & Pyeatt* and *Crawford & McKeown*, for petitioner.

*Blanton & Andrews* and *McKeel & Patton*, for respondents.

CLAYTON, J. Gibson, the petitioner, was adjudged bankrupt on January 30, 1902, upon voluntary petition. In April following he filed his petition for discharge, and the hearing of the same was set for April 21, 1902. On the 16th day of April, 1902, Keith Bros. & Co., of Chicago, and Brown Shoe Company, of St. Louis, filed with the referee proof of their respective claims, which proof was accepted, and the claims allowed as proven. The proof shows the claim of Keith Bros. & Co. to be for merchandise furnished petitioner on May 7, 1888, in the sum of $114.50, as per statement attached; and the claim of Brown Shoe Company, which had been reduced to judgment in the county court in Tarrant county, Texas, on September 3, 1890, in the sum of $308.29, at which place the petitioner was then living. A transcript of said record was filed, and made a part of the proof of the claim. On April 16, 1902, upon the application of the said creditors Keith Bros. & Co. and Brown Shoe Company, the referee made an order requiring the petitioner to appear before him on April 21, 1902, and submit to examination. On the said 21st day of April the petitioner appeared, and filed a motion to expunge the claims of the said

Brown Shoe Company and Keith Bros. & Co., and to set aside the order for examination. These motions are as follows: "Comes G. C. Gibson, bankrupt, and moves the court to expunge the claims of Keith Bros. & Co. and Brown Shoe Co., and says that he has applied to the trustee to make said motion, and he refuses so to do; that the claims appear on their face to be and are barred by the statute of limitation." "Comes G. C. Gibson, and moves the court to vacate the order heretofore made on the 16th day of April, 1902, ordering an examination of G. C. Gibson, bankrupt, on the 21st day, of April, 1902, for the follow-ing reasons, to wit: There has not elapsed ten days' notice since the service of the same upon the bankrupt. G. C. Gibson;because said creditors, or alleged creditors, have no provable claims and have no standing in court; because the claims appear upon their face to be and are barred by the statute of limitations." The petitioner had applied to the trustee to make the objection to the claims of the aforesaid two creditors, set out in the aforesaid motion, but he (the trustee) had refused to do so. The petitioner, in his petition in bankruptcy, had scheduled both of the said firms as creditors of the estate, but no named amount in which he was indebted to them. Computing the interest on the two claims from the time when they were due to the date of the adjudication, that of Keith Bros. & Co., together with the principal sum, would be less than $500, and that of Brown Shoe Company more than $500. After argument, the motions were overruled by the referee, and, upon application of the bankrupt, were certified up to the district court, and there the referee was sustained, and the case remanded for further proceedings. From this ruling of the district court, bankrupt, by a petition for review, has brought the case here for our determination. Counsel for petitioner, in their brief, assign three specifications of error, to wit: "First, the court erred in refusing to expunge the claims of Keith Bros. & Co. and Brown Shoe Co.; second, the court erred in holding that said claims were not barred by

limitation; third, the court erred in overruling motion of petitioner to set aside and recall the order for examination of petitioner, and in directing referee to proceed with said examination." The creditors Brown Shoe Company and Keith Bros. & Co. file here the following motion to dismiss: "Now come the Brown Shoe Co., and Keith Bros. & Co., respondents in the above proceeding, and move the court to dismiss the petition for review filed herein by the bankrupt, and say that the court has no jurisdiction to hear and determine the same, in this: That the claim of the Brown Shoe Co. is for more than five hundred dollars, and the remedy of petitioner, if any, is by appeal; and that, the claim of Keith Bros. & Co. being for less than five hundred dollars, the action of the court of bankruptcy allowing said claim is final, and not subject to review or appeal. And. the respondents move the court to dismiss this petition for the further reason that there is nothing properly before the court for review or determination."

It appears from the record in this case that the bankrupt, in Schedule A, appended to his petition in bankruptcy, named both the firms of Keith Bros. & Co. and Brown Shoe Company as his creditors, the amount not being stated. This was an admission by him that there was an indebtedness due them, and an expression of a willingness on his part that the debts, whatever they might be, should be paid out of the estate; and if he at the time knew that they were barred by the statute of limitations having failed to set up that fact, it was, as far as he was concerned a waiver of the right to invoke the statute. "The bar of the statute must be interposed by the diligence of the debtor, and as early as possible, and usually, unless otherwise provided by statute, on the pleadings previously to the hearing. It will not be praised by the court unsolicited." 1 Wood, Lim. 24 ,25. It must be pleaded and matters in avoidance are to be set up in reply. Id. 27. And therefore, if in these proceedings the bankrupt may be heard at all,—which we doubt,—he is not

now in a position to be heard.  His motion to expunge, made before the referee, was filed after the hearing.  It was in the nature of a motion for a new trial, setting up for the first time the statute of limitation, and that, too, after an admission of record that an indebtedness existed.  Of course, this admission of the bankrupt, and his waiver of the bar of limitation, would have no effect on the trustee or creditors; but neither the trustee nor the creditors are complaining.  Indeed, the trustee, representing all the creditors, absolutely refused to take advantage of the statute and that after having been requested by the bankrupt to do so.  Why the trustee and other creditors did not plead the statute we are unable to discover from the record.    Ordinarily, it would have been the duty of the trustee to have done so, and it certainly was to the interest of the creditors, except the respondents, to have it done.  But in the brief of respondents it is stated that they were the only creditors, and that Schedule A exhibited none others.  If this be true, then the petitioner entered into voluntary bankruptcy for the sole purpose of relieving himself from the payment of an indebtedness already barred by the statute of limitation.  As before stated, the schedule is not before us; but, if it be true  that the respondents were the only creditors in our opinion the trustee, representing only the respondents, as far as creditors were concerned, for there were none others, acted with commendable good judgment.  Taking this view of the case, we do not deem it necessary to pass upon the other questions raised.

The judgment of the court below is affirmed, and the petition is dismissed.