## O'DONNELL v. PARKER.

No. 2853.   Decided July 3, 1916.   Rehearing denied November 23, 1916 (160 Pac. 1192).

1. LIMITATION OF ACTIONS—PLEADING—DEMURRER.  Under the statute a defendant may demur on the ground that an action is barred by the statute of limitations.   (Page 580.)

2. CONSTITUTIONAL LAW—VESTED RIGHTS—STATUTE OF LIMITATIONS.  The rule is general that, where the time has fully run, the right to invoke the statute of limitations constitutes a vested right.   (Page 580.)

3. WORDS AND PHRASES—"WAIVER."  A "waiver" is the abandonment of a known right.[1]   (Page 580.)

4. LIMITATION OF ACTIONS—DEMURRER RAISING DEFENSE—WAIVER OF BAR.  Where a complaint in an action for goods sold, to avoid the plea of limitations, alleged that less than four years

---

[1] *Schwab Safe & Lock Co. v. Snow*, 47 Utah 199, 152 Pac. 171.

before the action defendant acknowledged the debt by scheduling the claim in his petition in bankruptcy, upon demurrer to the complaint on the ground that it appeared on its face that the action was barred under Comp. Laws 1907, section 2876, providing that such actions must be commenced within four years, the defendant will not be held to have waived the claim under section 2898, providing that in any case founded on a contract, when an acknowledgment in writing and signed by the party to be charged of an existing liability shall have been made, an action may be brought within the period prescribed for same after such acknowledgment, it being an independent action in which he has filed no pleading, and hence did not have an opportunity either to plead or waive the bar of the statute. (Page 580.)

Appeal from District Court, Third District, *Hon. C. W. Morse,* Judge.

Action by E. G. O'Donnell, doing business as O'Donnell & Co., against W. H. Parker. From a judgment sustaining a demurrer to the complaint and dismissing the action, plaintiff appeals.

AFFIRMED.

*Chris Mathison* for appellant.

*T. F. Ashworth* for respondent.

FRICK, J.

The plaintiff, in the complaint, which was filed August 3, 1915, in substance alleged that on the 8th day of October, 1908, the plaintiff sold to the defendant, at his request, certain goods, wares, etc., for which the defendant agreed to pay the sum of $231.50, and that no part of said sum had been paid. The plaintiff, in order to avoid the plea of the statute of limitations as a bar to the action, which bar was complete at the end of four years from the 8th day of October, 1908, also alleged as follows:

"That less than four years before the date of the commencement of this action, to wit, on June 14, 1913, the defendant acknowledged the existence of the said debt by filing his peti-

tion in bankruptcy in the District Court of the United States for the District of Utah, and in schedule A-3 of said petition, at or about that time made, subscribed, and sworn to by the defendant, he scheduled the claim and account above set forth as a debt due from him to the plaintiff; that the defendant failed to petition for a discharge in said bankruptcy proceedings."

Plaintiff prayed judgment for the amount, with legal interest from October 8, 1908.

The defendant appeared and demurred to the complaint upon the ground that it appeared upon the face thereof that the action was barred under the provisions of Comp. Laws 1907, section 2876, which, in substance, provides that actions belonging to the class mentioned in the complaint must be commenced within four years from the time the last charge is made. Under our statute a defendant may demur upon the ground that an action is barred. The court sustained the demurrer, and entered judgment dismissing the action, from which the plaintiff appeals.

The only error assigned is predicated upon the ruling of the court in sustaining the demurrer. Plaintiff's counsel vigorously contends that the facts, which we have set forth in full, and which are admitted by the demurrer, constituted an acknowledgment of an existing liability on the part of the defendant, and, further, that they also constitute a waiver of the right to interpose the plea of the statute of limitations in this action.

The statute (Comp. Laws 1907, section 2898) which is relied on by counsel reads:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment, or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

Counsel for appellant has gone into the subject most thoroughly, and has cited many cases both for and against his

contention. We shall assume, without deciding, that the facts pleaded are sufficient to authorize the conclusion that the defendant was not discharged in the bankruptcy proceedings. We shall therefore limit the discussion to the question of whether the defendant, under our statute, waived his right to interpose the plea of the statute of limitations.

Section 2898 is taken from Kansas. See Kan. Gen. St. 1868, p. 634, section 24, which has remained in force in that state continuously and has been before the Supreme Court of Kansas many times, as appears from the following cases: *Elder* v. *Dyer*, 26 Kan. 604, 40 Am. Rep. 320; *Pracht* v. *Mc-Nee*, 40 Kan. 1, 18 Pac. 925; *Clark* v. *King*, 54 Kan. 222, 38 Pac. 281; *Disney* v. *Healey*, 73 Kan. 326, 85 Pac. 287; *Hawkins* v. *Brown*, 78 Kan. 284, 97 Pac. 479.

In *Elder* v. *Dyer, supra*, the Supreme Court of Kansas had under consideration a letter written by one who signed a note as co-maker, and in which letter he referred to the note in question and requested the payee thereof to ''write him (the principal debtor) a sharp letter, and demand of him an indorser there. I do not want to be held longer on the note.'' The Supreme Court of Kansas held that what was stated in the letter was a sufficient acknowledgment of an existing liability to take the case without the bar of the Kansas statute. In the course of the opinion (26 Kan. 610, 40 Am. Rep. 320), in speaking of what is a sufficient acknowledgment of an existing liability under the statute, it is said:

"No set phrase or particular form of language is required; anything that will indicate that the party making the acknowledgment admits that he is still liable on the claim, that he is still bound for its satisfaction, that he is still held for its liquidation and payment, is sufficient to revive the debt or claim; and there is no necessity that there should also be a promise to pay the same, either express or implied."

The court goes on at some length to show that in that regard the Kansas statute differs from many others where, in addition to an acknowledgment of the debt, a promise to pay it is necessary.

The same question in the same form was before the same

court in the other four Kansas cases referred to, and the same result was reached.

In *Bissell* v. *Jaudon,* 16 Ohio St. 498, and in *Coffin* v. *Secor,* 40 Ohio St. 637, the Supreme Court of Ohio, under a statute like that of Kansas, and where the question before the court was the same as the one before the Supreme Court of Kansas, arrived at a like result.

The same result was reached by the Supreme Court of Nebraska as appears from *Harms* v. *Freytag,* 59 Neb. 359, 80 N. W. 1039.

The Supreme Court of Mississippi also arrived at the same conclusion under a similar statute and conditions. *Beasley* v. *Evans,* 35 Miss. 192.

In *Ft. Scott* v. *Hickman,* 112 U. S. 150, 5 Sup. Ct. 56, 28 L. Ed. 636, the Supreme Court of the United States, in a case originating in Kansas, followed the decision in *Elder* v. *Dyer, supra.*

A few other cases could be added to the foregoing, but it is not deemed necessary to do so.

By many of the courts, in passing upon statutes where a new promise is required, it is, however, held that a mere acknowledgment of an existing liability is insufficient to revive the debt. We need not refer to those cases.

It will be observed that the precise question that is before us now was not before the courts in the foregoing cases to which reference has been made, and therefore is not passed on, unless it be held that any acknowledgment of an existing liability under any and all circumstances is sufficient both to toll the statute and to revive the claim in case the statute has fully run. Counsel for plaintiff, with some force, contends that such is the necessary effect of the cases to which reference has been made. Digressing from that question for a moment, we find that there are cases in which the precise question now under consideration was before the courts, and where different courts, apparently, have arrived at different conclusions. *In re Resler* (D. C.), 95 Fed. 804; *Roscoe* v. *Hale,* 7 Gray (Mass.) 274; *Christy* v. *Flemington,* 10 Pa. 129, 49 Am. Dec. 590; *Hidden* v. *Cozzens,* 2 R. I. 401, 60 Am. Dec. 93, and in *Nonotuck Silk Co.* v. *Pritzker,* 143 Ill. App. 644,

the courts held that the scheduling of a claim in bankruptcy proceedings does not constitute an acknowledgment that will revive the debt. While it is true that the courts have held that a claim which is barred by the statute of limitations is not a provable debt in bankruptcy, and hence need not be scheduled, yet the text-writers upon the subject of bankruptcy practically all agree that it is always proper to schedule such debts, and by doing so avoid subsequent actions thereon. The authors further say that by scheduling such claims the bar of the statute of limitations is not waived. In Collier on Bankruptcy (9th Ed., 1912) 235, the author, in referring to the subject of scheduling claims in bankruptcy proceedings, says:

"All creditors should be scheduled, even those barred by the statute of limitations. To schedule the latter is not a revival of the debt, although it may be different in case of voluntary bankruptcy, where it afterwards happens that the bankrupt was not insolvent."

In 1 Loveland on Bankruptcy (4th Ed.) 374, it is said:

"It is proper to include creditors whose debts are barred by the statute of limitations. The insertion of such a debt in the schedules does not revive the claim."

Upon the other hand, it was held by the trial judge in *Stuart* v. *Foster*, 18 Abb. Prac. (N. Y.) 305, that the listing of a promissory note by the debtor in a voluntary assignment for the benefit of his creditors was a sufficient acknowledgment of an existing liability to revive the debt. The same result was reached under a similar state of facts in *Van Patten* v. *Bedow*, 75 Iowa 589, 39 N. W. 907. *In re Gibson*, 4 Ind. T. 498, 69 S. W. 974, 4 Ann. Cas. 938, the Court of Appeals of Indian Territory held that, where an insolvent in filing a voluntary petition in bankruptcy scheduled a debt, by such act he waived the statute of limitations, and that the lower court did not err in denying his motion to expunge the debt from the schedule so filed by him. The same result was reached, under similar circumstances, *In re Hertzog*, Fed. Cas. No. 6433, and in *Re Currier* (D. C.), 192 Fed. 695, 27 Am. Bankr. R. 597. It is not deemed necessary to cite more cases, although such could be done both for and against counsel's contention.

Counsel, however, insists that, in view that our statute is taken from Kansas, and that it was adopted in this state after the case of *Elder* v. *Dyer, supra,* was decided, we should follow the construction given it by the Supreme Court of that state. While it is true that the Supreme Court of Kansas has held that in a personal communication by the debtor to the creditor a mere acknowledgment of an existing liability is sufficient to revive the debt, yet that court has not yet held that the mere scheduling of a debt by an insolvent debtor in his petition in bankruptcy constitutes either the revival of the debt or a waiver of the bar of the statute in an independent action upon the claim. That is what we are asked to hold. It will be observed that in this case the bar of the statute was complete long before the defendant filed his petition in bankruptcy to which he attached the schedule of debts, and in which was included the claim in question. If it were held therefore, that scheduling the claim constituted a sufficient acknowledgment of an existing liability to toll the statute, or that an action could be brought at any time within the four-year period, or if it were held that in that proceeding he had waived the right to thereafter claim the benefit of the statute, yet should it also be held that such an acknowledgment constitutes a waiver of the bar which is complete when the schedule is filed in the bankruptcy proceeding? So far as we are aware, the rule is general that where the time has fully run the right to invoke the statute constitutes a vested right. True, the debtor, under our statute, may waive the right although it be vested. Where a right, statutory or otherwise, has become vested, however, the courts are slow to declare the same waived, unless the language or conduct of the party possessing the right shows that he intended to waive it, or that his language and conduct are such that it can be clearly inferred, or that it may be said as a matter of law that he had waived the right. We held in *Schwab Safe & Lock Co.* v. *Snow,* 47 Utah 199, 152 Pac. 171:

"A waiver is the intentional abandonment of a known right."

We think that is a correct definition of a waiver. True, when one fails to plead the statute of limitations in a pending

proceeding, he is held to have waived it, but that result is apparent from his acts and conduct in the very proceeding in which he either has the right to plead or to waive the statute. May it, however, also be inferred that, where a debtor in a bankruptcy proceeding follows the rule laid down by the text-writers upon the subject, all of whom agree, that it is either proper to schedule barred claims, or that they should be included in the schedule, by such scheduling the debtor intends to or does waive anything? Of course, it may be said, as counsel contends, and as some of the courts have held, that in scheduling the debt the debtor acknowledges it as an existing obligation. That, as we have seen, is done, however, in a proceeding where the debtor seeks to be relieved from his debts and obligations by due course of law. His acts, therefore, should be construed in the light of what he is attempting to do or accomplish under the bankruptcy law. To say that there is no difference between writing a personal letter by a debtor to his creditor in which the former acknowledges the existence of the claim and in filing a schedule of his debts under the rules governing bankruptcy proceedings is to lose sight of substance and be governed entirely by forms. We are not unmindful that some of the courts have held that under a statute like ours it is immaterial when or where the acknowledgment of the existing liability is made, so long as it is clear that the debtor intentionally made it and that it was in writing and signed by him. Such, counsel contends, is the conclusion of the Supreme Court of Kansas, and for the reason that our statute was taken from that state after it was construed by that court, we should follow its construction. We are impressed with counsel's argument, but we are not ready to concede that the Supreme Court of Kansas would hold that under circumstances like those in the case at bar the debtor had waived his right to rely upon the statute as a bar to the action. While we have the highest respect for the decisions of the Supreme Court of Kansas, yet, if that court had so held, the writer, at least, should hesitate to follow its decision, for the reason that in his judgment the mere scheduling of a claim in bankruptcy proceedings, under the circumstances disclosed by this record, does not indicate an

intention to waive the bar of the statute. To so hold would be to entrap the debtor, which is not the design of the statute. Moreover, as we read the cases, the weight of authority is against the proposition that a mere scheduling of a claim which is barred is a sufficient acknowledgment of an existing liability to authorize the bringing of an independent action thereon; that is, to sue and recover upon it in a proceeding other than the bankruptcy proceeding in which the schedule is filed. While we do not now pass upon the question of whether one in scheduling a claim in a bankruptcy proceeding thereby waives his right to avail himself of the statute of limitations in another independent proceeding, yet we are free to confess that there may be, perhaps, some reason why the statute would be deemed to be waived in a bankruptcy proceeding, which reason does not exist in an independent proceeding, and therefore it should not be held waived in an independent action wherein the debtor filed no pleading, and hence did not have an opportunity either to plead or to waive the bar of the statute.

For the reasons stated, we are of the opinion that the District Court committed no error in sustaining the demurrer, and the judgment is therefore affirmed. Costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.